UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CYNTHIA FUKELMAN, TSIPORA  :   Civil Action No.:
KUBA, YOUNG SOOK SANCHEZ, and :
ANTHONY PANZA,  :
  :   **COMPLAINT**
         Plaintiffs,  :   to remedy discrimination on basis of Jewish/
  :   Hebrew/Israeli Race/Ethnicity/Ancestry
  :   pursuant to 42 USC Sec. 1981 et seq.
DELTA AIR LINES, INC.,  :
         Defendant.  :   **Jury Trial Demanded**
-------------------------------------------------------X

Plaintiffs, Cynthia Fukelman, Tsipora Kuba, Young Sook ("Suzie") Sanchez, and Anthony Panza, by and through their undersigned attorneys, complaining of Defendant, Delta Air Lines, Inc., bring the instant action requesting judgment in their favor, and against Defendant, and in support thereof, allege, upon information and belief, as follows:

## NATURE OF ACTION

1. Delta Air Lines has engaged in a pattern of intentionally discriminating and retaliating against ethnically Jewish, Hebrew and/or Israeli employees and passengers traveling to Israel, based upon their race and ancestry, and of intentionally discriminating against non-Jewish Flight Attendants who have associated with Jewish Flight Attendants or customers, or were perceived to be so associated.

2. Delta has engaged in a pattern of intentionally discriminating against employees and customers of Jewish, Hebrew and/or Israeli ethnicity by altering, restricting, changing and denying to said employees and customers the same terms and conditions of employment and passage as granted to non-Jewish, Hebrew and/or ethnic Israeli employees and customers, including but not limited to the following:

a. Delta has encouraged and maintained an anti-Jewish, Hebrew and ethnic Israeli attitude among management, who, through words and deeds, operate under an express assumption that ethnic Jews and Israelis, as employees and passengers, cannot be trusted, are aggressive and inappropriate, and engage in what are deemed to be "strange" behaviors by conducting prayers on the flight and requiring special dietary accommodations (kosher meals).

b. Delta has engaged in targeted enforcement actions against Jewish and other Flight Attendants who share their companion travel passes with other Jewish individuals who fly to Tel Aviv, solely on the basis of their Jewish and Israel ethnicity and ancestry, and when sharing such travel passes is not in violation of Delta's rules, but is rather a benefit of employment provided by Delta. When Jewish and non-Jewish employees have shared their travel benefits with ethnically Jewish, hebrew and/or Israeli persons, Delta has engaged in anti-Semitic employee investigations and disciplinary actions against such employees, targeting them for suspension or termination.

c. Delta has punished Plaintiffs for their ethnicity or association with others and has either restricted their employment rights, denied them promotions, or subjected them to harassment and abuse, for pretextual reasons, and as part of the pattern of discrimination against those of Jewish, Hebrew or Israeli ethnicity and those who associate with them.

d. Plaintiffs bring this action seeking damages and injunctive relief from this Honorable Court against Delta to force Delta to stop this insidious racial discriminatory and anti-Semitic misconduct of Delta Air Lines.

3. Plaintiffs are all Flight Attendants employed or previously employed by Delta Air Lines, Inc., one of the largest passenger air carriers in the world. Plaintiffs are all senior Flight Attendants, with experience as Flight Attendants ranging from in excess of 10 years to in excess of 40 years. Each of the Plaintiffs has regularly worked Delta's flight to Israel from New York, NY, USA (JFK International Airport) to Tel Aviv, Israel (Ben Gurion International Airport). Two of the Plaintiffs are Flight Attendants of Jewish, Hebrew and Israeli ethnicity and two of the Plaintiffs are Flight Attendants who, working on the said Tel Aviv flight, were associated with persons of said ethnicity.

## PARTIES

4. Plaintiff, Cynthia Fukelman, is an adult individual, residing at 1020 Grand Concourse, Apt. 23L, Bronx, New York. At all times material hereto, Ms. Fukelman was employed by Defendant, Delta Air Lines, as a Flight Attendant. In her capacity of an employee of Delta, Ms. Fukelman was a Flight Attendant on the New York to Tel Aviv flight and has worked as a Flight Attendant for Delta for over 10 years. Plaintiff is of Jewish, Hebrew and Israeli ethnicity. Plaintiff's employment was wrongfully terminated by Delta in or around March, 2017.

5. Plaintiff, Tsipora Kuba, is an adult individual residing at 365 Kinghorn Street, Staten Island, New York, 10312. At all times material hereto, Ms. Kuba was employed by Defendant, Delta Air Lines, as a Flight Attendant. In her capacity of an employee of Delta, Ms. Kuba was a Flight Attendant on the New York to Tel Aviv flight and has worked as a Flight Attendant for Delta for over 21 years. Plaintiff is of Jewish, Hebrew and Israeli ethnicity.

6. Plaintiff, Young Sook (Suzie) Sanchez, is an adult individual, residing at 271 Brevoort Street, Kew Gardens, New York. At all times material hereto, Ms. Sanchez was employed by Defendant, Delta Air Lines, as a Flight Attendant. In her capacity of an employee of Delta, Ms.

Sanchez was a Flight Attendant on the New York to Tel Aviv Flight and has worked as a flight attendant for Delta for over 30 years.  Plaintiff shared her flight benefits with an individual of Jewish, Hebrew and Israeli ethnicity and was wrongfully disciplined and demoted for same, due solely to the ethnicity of the person with whom she associated and her perceived connection to same.

7. At all times relevant to this action, Plaintiff, Anthony Panza is an adult individual residing at 331 E. McNab, Rd., Pampano Beach, Florida, and previously also maintained a residence in New York.  At all times material hereto, Mr. Panza was employed by Defendant, Delta Air Lines, as a Flight Attendant.  In his capacity of an employee of Delta, Mr. Panza was a flight attendant on the New York to Tel Aviv Flight, and has worked as a flight attendant for Delta for over 30 years.  While working on Tel Aviv flight, Mr. Panza was subjected to a hostile work environment, unwarranted discipline and restriction of his flight benefits rights, solely for his association with and support of ethnic Jews, Hebrew speakers and/or ethnic Israelis.

8. Delta Air Lines, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with headquarters in Atlanta, Georgia.  Delta employs more than 80,000 employees worldwide and, as of October, 2016, flew to 54 countries on 6 continents.  In 2013, Delta was the world's largest airline in terms of passengers carried, at 120.6 million passengers.  Delta has numerous key hubs and markets including but not limited to New York, at JFK International Airport and LaGuardia Airport.

## JURISDICTION AND VENUE

9. The above paragraphs are incorporated herein by reference.

10. Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law, to wit: 42 U.S.C. § 1981.

11. Venue is proper in the Eastern District of New York, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district. at JFK International Airport, in Bronx County, New York.

## STATEMENT OF FACTS

12. The foregoing paragraphs are incorporated herein by reference.

13. In a pattern of unlawful, deliberate and discriminatory acts, Delta has created an environment of anti-Semitism and has directed police type actions toward Jewish, ethnic Israeli and Hebrew speaking employees and passengers traveling on flights to Tel Aviv.

14. Upon information and belief, Delta management has sanctioned these actions by scheduling meetings with the Flight attendants on the New York to Tel Aviv flight, wherein discrimination was exhibited, including instructions and coaching that was suggestive of discriminatory and prejudicial treatment toward Jewish and ethnic Israeli customers and Flight Attendants.

15. Upon information and belief, Delta's field service managers also directed discriminatory and prejudicial acts toward Jewish and ethnic Israeli flight attendants, and would intimidate these flight attendants by insulting them and by insinuating that their attire was inappropriate, when it was not. Upon information and belief, these managers were only critical towards the Jewish and ethnically Israeli flight attendants and did not harass those of other race or ethnicity.

16. Upon information and belief as part of Delta's discriminatory and deliberate actions against Jews and ethnic Israelis, Ms. Fukelman, a Jewish, ethnic Israeli and Hebrew speaker, was targeted. A devoted employee for over 10 years, Ms. Fukelman worked on Delta's New York to Tel Aviv flight.

17. Despite her many years with Delta, on or about March 28, 2017, Ms. Fukelman was suspended and subsequently fired from her position at Delta.

18. The firing of Ms. Fukelman was an act of discrimination, with no valid business purpose or justification.

19. Delta used a pretext of Ms. Fukelman allegedly missing a flight due to a medical condition, but this is a pretext for discrimination because Ms. Fukelman had been granted FMLA and had experienced a side effect of a medication which caused her not to be able to fly. The real reason was part of Delta's pattern and intent to discriminate against, discipline, discourage and terminate ethnically Jewish and Israeli persons.

20. Similiary, Ms. Kuba is a Flight Attendant of Jewish and ethnic Israeli background, and has worked for Delta for 21 years including her tenure at Northwest Air prior to its merger with Delta. Ms. Kuba has witnessed deliberate and prejudicial At all times relevant hereto, each of the Plaintiffs performed the duties of their employment in at least a satisfactory manner.

21. acts against her Hebrew ethnicity and ancestry and has been a target of Delta's discriminatory actions.

22. At all times relevant to this action, Ms. Kuba was a flight attendant on the Delta, New York to Tel Aviv flight.

23. Ms. Kuba has applied to Delta's Purser program, a managerial program for Delta's international flight attendants, three times in the past four years. Despite her qualifications, seniority and experience, which include experience in the Israeli Military, prior managerial experience, the fact that she speaks four languages, and an exceptional work history, Ms. Kuba has consistently been denied entry into the Purser program by the Delta HR Department.

24. Ms. Kuba believes and therefore avers, upon observation, that ethnic Jewish and ethnic Israelis have a bad reputation within Delta's HR department. Last year, she witnessed the firing of approximately 7 flight attendants who where who were of Jewish/Hebrew/Israeli ethnicity, and others who were disciplined wrongfully.

25. Upon information and belief, in furtherance of this ingrained and intentional discriminatory prejudice, Delta has initiated a police type action, directed at Delta employees that had travel companions traveling on an Israeli passport, passengers of Jewish descent and Hebrew speakers traveling on flights to Tel Aviv, assuming and wrongfully accusing Jewish employees and customers of violating the travel companion policy on flights to Israel from New York.

26. Upon information and belief, this company action was focused solely on people traveling on people of Jewish ethnicity and ancestry, including Hebrew speakers traveling on flights to Tel Aviv, comprising both Flight Attendants and Jewish passengers, and no others.

27. Upon information and belief, through this investigation, Delta intentionally terminated nd disciplined a number of employees for providing companion travel benefits to persons of Israeli and Jewish ethnicity.

28. Upon information and belief, this operation was accepted corporate policy, and it was known to those tasked with carrying out the operation, comprising managers, Delta employees with Jewish or Israeli descent or relationships with passengers that are of Jewish or Israeli descent were being purposefully and intentionally disciplined for actions that in no way violated the Delta Travel Companion policy.

29. Upon information and belief, the said policy allows a Flight Attendant to name any friend or person they enjoy traveling with as a travel companion and that person receives the right to

travel with or without the Flight Attendant.  This is the standard policy, and Flight Attendants regularly name friends as their Travel Companions.  However, when an ethnic Jewish Israeli named another Jew as a travel companion, or any flight attendant named another Jew, Delta disallowed this practice and restricted the rights of benefits to both customers and Flight Attendants of Hebrew ancestry (i.e., ethnic Jews and Israelis).

30. Upon information and belief, without any prior notification or warning, Delta disciplined, suspended and terminated numerous Delta employees who were either themselves Jewish or ethnic Israelis or shared their travel passes with Jewish or ethnic Israeli individuals.

31. Upon information and belief, as part of Delta's prejudiced practice, Ms. Sanchez was swept up in Delta's discriminatory web as she had, within her rights as described in the policy, provided a travel pass to a long-term friend and Israeli, John Doe [name redacted for passenger privacy].

32. Delta's Travel Companion program allows employees to share their travel privileges with "a friend or family member who is otherwise ineligible for travel pass privileges."  Delta requires that the employee must be "familiar" with their selected travel companion.

33. On October 11, 2017, Ms. Sanchez was suspended without pay for allegedly violating Delta's Pass Travel Policy. Delta alleged that Ms. Sanchez was "unable to demonstrate basic knowledge" of her travel companion, Mr. John Doe. A loyal Flight Attendant of over 30 years, Ms. Sanchez was completely blind-sided by these actions.

34. Ms. Sanchez and Mr. Doe have been friends for over 40 years. They first kindled their relationship in 1975 when Ms. Sanchez was working for PanAm.

35. Mr. Doe travels often as he is involved in education and charitable programs in Israel, New York and Hong Kong. He also visits his children and grandchildren frequently in Israel.

36. Sympathetic to her friend, Ms. Sanchez decided to share her travel companion pass with Mr. Doe.

37. Upon information and belief, Delta questioned Ms. Sanchez's explanation of her friendship with Mr. Doe, concluding that Ms. Sanchez violated the travel pass policy and suspended her without any further opportunity to defend her actions.

38. Upon information and belief, Delta never spoke with Mr. Doe regarding his relationship with Ms. Sanchez, showing further that Delta's accepted, discriminatory and intentional operation was to net those Delta employees sharing travel passes with passengers of Jewish and Israeli ethnicity.

39. After, Ms. Sanchez's suspension, Mr. Doe wrote a letter to Delta describing their long-time friendship.

40. On November 16, 2017, Ms. Sanchez was given notice that she was allowed to return to work but was given a Final Corrective Action Notice, probation for a 36-month period along with suspension of her travel pass privileges for 36 months.

41. On November 16, 2017, Ms. Sanchez was also removed from Delta's Purser program for a period of 36 months.

42. Removal from the Purser program was a demotion for Ms. Sanchez. She had been a Purser for 45 years and removal from the Program caused her substantial humiliation. Ms. Sanchez was humiliated and embarrassed. Unable to face her colleagues due to embarrassment, Ms. Sanchez chose to not continue working on the Tel-Aviv flight.

43. This Delta operation and subsequent suspension and firing of Delta flight attendants reverberated throughout many flight attendants of Jewish and Israeli ethnicity, including Ms.

Fukelman, who was too afraid and threatened to share her travel pass with any person who she considered a friend, understanding the rules would be applied differently to her.

44. Mr. Panza, a senior flight attendant on Delta's Tel-Aviv flights, was also fearful of the repercussions should he share his travel pass.

45. The Delta operation caused an atmosphere of hostility for Flight Attendants on the Tel Aviv Flight.

46. Mr. Panza, experiencing the hostile environment, and being a supporter of his Jewish and Israeli Flight Attendants and passengers, and fearing disciplinary repercussions she he share his travel pass, requested to be transferred from the New York to Tel-Aviv flight to a Florida flight in order avoid this intimidating environment.

47. Upon information and belief, this operation by Delta was a biased intentional act focused solely on those of Jewish/Hebrew and/or Israeli ethnicity.

48. Each of the Plaintiffs believes and therefore avers, in the addition and/or in the alternative, that the foregoing conduct violated other laws including but not limited to Title VII of the Civil Rights Act, as amended, the Age Discrimination in Employment Act, and/or other laws that provide exhaustion of administrative remedies with the EEOC or other agencies.

49. Plaintiffs reserve the right to amend this Complaint to include additional facts, claims and allegations upon exhaustion of said administrative remedies or after filing with any state or federal agencies.

//

//

//

//

# STATEMENT OF CLAIMS

## COUNT I
## 42U.S.C. Sec. 1981
## DISCRIMINATION IN THE MAKING
## AND ENFORCEMENT OF CONTRACTS
## BASED UPON JEWISH/HEBREW/ISRAELI ETHNICITY

### *Plaintiffs v. Defendant Delta Air Lines, Inc.*

50. The above paragraphs are hereby incorporated herein by reference.

51. The foregoing actions of Defendant violated Plaintiffs' rights pursuant to 42 USC Sec. 1981, which provides, in pertinent part, as follows:

§ 1981. Equal rights under the law
(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts.... as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

Id. (emphasis added).

52. Delta Air Lines evidenced a settled intent to discriminate against Plaintiffs by interfering with Plaintiffs' rights to the performance and enjoyment of the benefits of their contracts of employment with Delta.

53. Delta Air Lines wrongfully targeted those of Jewish, Hebrew and Israeli ancestry and ethnicity, on the basis of race, intentionally.

54. Delta Airlines intentionally restricted the Plaintiffs' contractual benefits based upon illicit discrimination.

55. The aforesaid conduct of Delta was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiffs.

56. Delta also retaliated against Plaintiffs for raising Complaints.

57. Plaintiffs' work environments constitute a hostile and discriminatory environment in that the discrimination they must suffer is pervasive and/or severe.

58. As a result of the said violation of 42 U.S.C. § 1981, Plaintiffs have suffered discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendant, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

## COUNT II
## 42U.S.C. Sec. 1985
## Civil Rights Conspiracy

59. The foregoing paragraphs are incorporated herein by reference.

60. The foregoing conduct of Defendant violates Plaintiffs' rights pursuant to 42 U.S.C. Sedc. 1985, which proscribes any agreement or conspiracy to violate Plaintiffs' federally protected civil rights, including those rights under 42 U.S.C. Sec. 1981.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in favor of Plaintiffs and against Delta, and Order the following relief:

a. A declaratory judgement declaring that Delta has illegally discriminated against each of the Plaintiffs;

b. Reinstatement of Ms. Fukelman's employment;

c. Removal of all restrictions from Ms. Sanchez's record and reinstatement to Purser;

    d. Reinstatement of Ms. Sanchez's travel pass privileges;

    e. Promotion of Ms. Kuba;

    f. Removal of all restrictions from Mr. Panza's record;

    g. Make whole order for each Plaintiff, both in terms of pay, compensation, benefits, terms and conditions and emoluments of employment, including but not limited to back pay, front pay, and any pay differential;

    h. Payment of compensatory and punitive damages, to all Plaintiffs in an amount to be determined at trial; and,

    i. An appropriate order directing and requiring the cessation of all acts of proscribed racial discrimination as required pursuant to 42 U.S.C. § 1981, including but not limited to a civil rights monitor or trustee, and for such further or additional relief as is appropriate in the interests of justice.

    j. A declaratory judgment that Defendant has violated 42 U.S.C. Sec. 1985 and an order for payment of all compensatory and punitive damages awarded after trial;

    k. An award of Plaintiffs; attorneys fees and costs of suit as provided by 42 U.S.C. § 1988.

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues so triable herein.

Respectfully submitted,

| MILDENBERG LAW FIRM | WEISBERG LAW | PAWAR LAW GROUP P.C. |
|---|---|---|
| Brian R. Mildenberg, Esq. | Matthew B. Weisberg, Esq. | */s/ Vik Pawar* |
| PA Attorney ID No. 84861 | PA Attorney ID No. 85570 | Vik Pawar, Esquire |
| 1735 Market St., Suite 3750 | 7 South Morton Ave | 20 Vesey Street, Suite 1210 |
| Philadelphia, PA 19103 | Morton, PA 19070 | New York, New York 10007 |
| 215-545-4870 | 610-690-0801 | (212)-571-0805 (phone) |
| Fax: 215-545-4871 | Fax: 610-690-0880 | (212)-571-0938 (fax) |
| Attorney for Plaintiffs | Attorney for Plaintiffs | (Local Counsel) |
| (*pro hac vice* pending) | (*pro hac vice* pending) | Dated: January1, 2018 |