# Morgan Lewis

Ira G. Rosenstein
Partner
+1.212.309.6960
ira.rosenstein@morganlewis.com

March 16, 2018

**VIA ECF**

The Honorable Judge Pamela K. Chen
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Fukelman et al v. Delta Air Lines, Inc., No. 1:18-cv-00002</u>

To The Honorable Judge Chen:

Defendant Delta Air Lines, Inc. ("Delta" or "Defendant") hereby submits this letter in accordance with Your Honor's Individual Practices and Rules, Rule 3.A, seeking a pre-motion conference regarding Defendant's anticipated Motion to Dismiss Plaintiffs' Complaint under Rule 12(b)(6).

In their Complaint, Plaintiffs allege that Delta has "engaged in a pattern" of discrimination "against ethnically Jewish, Hebrew and/or Israeli employees," in violation of 42 U.S.C. § 1981 ("Section 1981").  Plaintiffs also allege that Delta engaged in a conspiracy under 42 U.S.C. § 1985 ("Section 1985").  While each Plaintiff sets forth unique allegations to support their claims, not one of the Plaintiffs adequately plead the required facts to sustain claims under either Section 1981 or Section 1985.

**A.     Plaintiffs Have Failed To Plead A Conspiracy Under Section 1985.**

Section 1985 provides for relief against entities who "conspire . . . for the purpose of depriving" an individual of equal protection of the law.  42 U.S.C. § 1985.  In order to properly plead a Section 1985 claim, a plaintiff must allege, *inter alia,* the existence of a conspiracy.  *Martinez v. County of Suffolk*, 999 F. Supp. 2d 424, 431 (E.D.N.Y. 2014).

It is axiomatic that a single entity cannot conspire with itself.  *See, e.g., Farbstein v. Hicksville Public Library*, 323 F. Supp. 2d 414 (E.D.N.Y. 2004).  Plaintiffs Complaint is brought against a single entity – Delta – and alleges improper actions by Delta only.  No allegations whatsoever

The Honorable Judge Pamela K. Chen
March 16, 2018
Page 2

indicate the existence of a second "conspiring" entity. Absent any such allegation, Plaintiffs' claim must be dismissed.

### B. Plaintiffs Plead Insufficient Facts To Sustain A Claim Under Section 1981.

Section 1981 claims for discrimination in employment are analyzed using the same standards as a Title VII discrimination claim. *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). In order to state a legally cognizable claim, each Plaintiff must adequately plead, at a minimum, (1) membership in a protected class, (2) that they experienced an adverse employment action; and (3) circumstances which give rise to an inference of discrimination. *Littlejohn v. City of N.Y.*, 795 F.3d 297 (2d Cir. 2015); s*ee also Jackson v. City of N.Y.*, 29 F. Supp. 3d 161, 171 (E.D.N.Y. 2014) (Chen, J.).

Panza alleges that he experienced a "hostile environment" which caused him to request a transfer from Delta's Tel Aviv flight to a Florida-based flight. Complaint at ¶ 46. Fukelman alleges that she was terminated because of her "Jewish, Hebrew and Israeli ethnicity." *Id.* at ¶¶ 18-19. Kuba and Sanchez both claim that Delta improperly denied them the benefits of its Purser Program, a "managerial program" for Delta flight attendants, when Delta suspended Sanchez's benefits and denied Kuba's application for the program. *Id.* at ¶¶ 23-24, 38-41. For all the reasons stated below, each Plaintiff fails to allege sufficient facts to support their claims, and therefore must be dismissed.

    1.    <u>Plaintiff Anthony Panza</u>

Panza fails to allege membership in a protected class, and therefore cannot sustain a Section 1981 claim. *See, e.g., Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 1999).[1]

It appears from the Complaint that Panza purports to bring a claim for hostile work environment. Compl. ¶ 46. To establish a claim for hostile work environment, a Plaintiff must show that the workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Littlejohn v. City of N.Y.*, 795 F.3d 297 (2d Cir. 2015). Panza does not allege any incidents of significance which would suggest the workplace was "permeated" with hostility. The conclusory allegations in the Complaint are simply insufficient to sustain Panza's claim.

    2.    <u>Plaintiff Cynthia Fukelman</u>

Fukelman alleges that she is of "Jewish, Hebrew and Israeli ethnicity" and that Delta terminated her employment after she missed a flight. Compl. at ¶ 4. However, Fukelman does not allege sufficient facts, or indeed any facts, which would support an inference of discrimination. Instead, Plaintiff relies on purely conclusory allegations that Delta discriminates against

---

[1] While Section 1981 recognizes claims of non-protected class Plaintiffs under certain circumstances, those facts are not present here nor alleged in the Complaint.

The Honorable Judge Pamela K. Chen
March 16, 2018
Page 3

individuals of her ethnicity, and speculates that her ethnicity must be the real reason for her termination and Delta's stated reason mere "pretext." While Plaintiff is entitled to reasonable inferences on a motion to dismiss, she is not entitled to speculation or conjecture in her favor. *See, e.g., Jackson*, 29 F. Supp. 3d at 171. Absent any plausible allegations from which the court could reasonably infer possible discrimination, her claim must fail.

      3.      Plaintiff Tsipora Kuba

Kuba's conclusory allegations that Delta denied her application for its Purser Program because of her ethnicity fail to plead an adverse employment action. Compl. at ¶¶ 5, 23. An adverse action must be a "materially adverse change" in the terms and conditions of employment, and "more disruptive than a mere inconvenience." *City of Syracuse*, 673 F.3d at 150. Kuba has alleged no facts about the Purser program, its benefits, its responsibilities, or any other facts which would support a plausible inference that denial of her application for that program is "materially adverse."

Furthermore, like Fukelman, Kuba pleads no facts which would indicate that Delta denied her entry into the Purser program based on her ethnicity. *See Jackson*, *supra*.

      4.      Plaintiff Young Sook Sanchez

Sanchez's claim that Delta improperly suspended her and revoked certain privileges also fails because she does not plead that she is a member of a protected class, a required element of a Section 1981 claim. Compl. at ¶¶ 33, 40-42; *See, e.g., City of Oneonta*, 221 F.3d at 339 .

Like Fukelman and Kuba, Sanchez also fails to adequately plead facts which would indicate that Delta's actions towards her were motivated by a discriminatory animus. *See Jackson*, *supra*.

**C.    Conclusion.**

For the foregoing reasons, Plaintiffs' Complaint fails to state claims under Section 1981 and Section 1985. Plaintiffs' Complaint should therefore be dismissed in its entirety.

Sincerely,

MORGAN, LEWIS & BOCKIUS LLP

 */s/ Ira G. Rosenstein*
By: Ira G. Rosenstein


cc: Counsel of Record (via ECF)