# Morgan Lewis

**Ira G. Rosenstein**
Partner
+1.212.309.6960
ira.rosenstein@morganlewis.com

July 20, 2018

**VIA ECF**

The Honorable Judge Peggy Kuo
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Fukelman et al v. Delta Air Lines, Inc., No. 1:18-cv-00002</u>

To The Honorable Judge Kuo:

Defendant Delta Air Lines, Inc. ("Delta" or "Defendant") hereby submits this letter in accordance with Your Honor's Individual Practices and Rules, Rule V.B, seeking a pre-motion conference regarding Defendant's anticipated Motion to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant previously sought a pre-motion conference to dismiss Plaintiffs' original Complaint, asserting, *inter alia,* that Plaintiffs did not plead sufficient facts to sustain their claims. *See* Dkt. No. 16. In response, Plaintiffs specifically requested "leave to amend their Complaint towards greater factual specificity." *See* Dkt. No. 18. Plaintiffs' Amended Complaint fails to correct the deficiencies that existed in their initial complaint and again fails to meet the basic pleading standards required under Fed. R. Civ. Proc. Rule 12.

A.   **<u>Plaintiffs Cannot Sustain A Claim Under the Georgia Age Discrimination Act.</u>**

Plaintiffs assert a baseless claim for discrimination under Georgia law. However, among other deficiencies, there is no private right of action under the Georgia Age Discrimination Act. Ga. Code. Ann. § 34-1-2; *Reilly v. Alcan Aluminum Corp.*, 272 Ga. 279 (2000). This claim should therefore be dismissed.

B.   **<u>Plaintiffs Have Failed To Plead A Conspiracy Under Section 1985.</u>**

In order to properly plead a Section 1985 claim, a plaintiff must allege, *inter alia,* the existence of a conspiracy. *Martinez v. County of Suffolk*, 999 F. Supp. 2d 424, 431 (E.D.N.Y.

The Honorable Judge Peggy Kuo
July 20, 2018
Page 2

2014). It is axiomatic that a single entity cannot conspire with itself. *See, e.g., Farbstein v. Hicksville Public Library*, 323 F. Supp. 2d 414 (E.D.N.Y. 2004). Plaintiffs Amended Complaint is brought against a single entity – Delta – and alleges improper actions by Delta only. Accordingly, their Section 1985 Claims must be dismissed.

### C. Plaintiffs Plead Insufficient Facts To Sustain Discrimination or Retaliation Claims.

#### 1. Plaintiffs Do Not Adequately Plead Discrimination Based On Race or Ethnicity.

Claims under Title VII, the New York State Human Rights Law ("NYSHRL") and Section 1981 are analyzed under the same standards. *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). In order to state a legally cognizable claim, each Plaintiff must adequately plead, at a minimum, (1) membership in a protected class, (2) that they experienced an adverse employment action; and (3) facts which give rise to an inference of discrimination. *Littlejohn v. City of N.Y.*, 795 F.3d 297 (2d Cir. 2015). Similarly, the NYCHRL requires that the Plaintiffs plead facts giving rise to an inference of discrimination. *Williams v. Victoria's Secret*, No. 15-cv-4715-PGG-JLC, 2017 WL 1162908 (S.D.N.Y. Mar. 28, 2017) (dismissing plaintiff's Title VII, NYSHRL, and NYCHRL claims for failure to raise a plausible inference of discrimination).

None of the Plaintiffs here have adequately pleaded that Delta discriminated against them on the basis of their race or ethnicity, the only Title VII and Section 1981 protected categories mentioned in the Complaint. By way of example, Plaintiffs Panza, Sanchez, Miller, Suarez, and Allen do not plead that they are Jewish, Hebrew or Israeli. Nor do these, or any Plaintiffs, plead any facts which would support a plausible inference that they meet the limited circumstances under which Plaintiff may plausibly claim discrimination on the basis of "association" with someone in a protected class, for example, by seeking to "vindicate" the rights of fellow employees in a protected class. *See e.g. Zynger v. Department of Homeland Security*, 615 F.Supp. 2550 (E.D.N.Y. 2009). In addition, Plaintiffs Kuba and Panza have not asserted that they suffered any adverse employment action at all.

Neither has any Plaintiff alleged any facts which would support a plausible inference that Delta took action against any of them based on their various races and ethnicities. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Indeed, the fact that all ten plaintiffs are of various races and ethnicities itself demonstrates the implausibility of asserting that race and ethnicity played any role at all in Delta's employment decisions. To the extent that Delta determined that its pass policy had been violated, Plaintiffs' own pleading demonstrates that all of the Plaintiffs here were disciplined consistently. The sort of speculative, conclusory and irrelevant allegations added to the Amended Complaint, cannot disguise the inadequacy of their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) **(**the court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action.") Any claims of race discrimination should therefore be dismissed.

The Honorable Judge Peggy Kuo
July 20, 2018
Page 3

### 2. Plaintiffs Fail To Adequately Plead A Claim of Age Discrimination.

Although it is not entirely clear on its face, it appears that Plaintiffs Fukelman, Kuba, Sanchez, and Panza are attempting to bring claims of age discrimination. Claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), the NYSHRL, and the NYCHRL are analyzed under the same standards described above. *Williams, supra.* However, as with their race claim, none of these Plaintiffs have pleaded any facts which would plausibly support an argument that their age was the "but for" cause of any adverse action taken by Delta against them, seemingly relying solely on the fact of their respective ages. As noted, Plaintiffs Kuba and Panza do not even allege that they suffered an adverse action. The Amended Complaint suggests that this purported discrimination was "in addition to and/or in the alternative" to discrimination based on their ethnicity or association underlines the speculative nature of these age claims which should be dismissed. *Williams, supra, Iqbal, supra.*

### 3. Plaintiffs Fails to Plead Retaliation Under the ADA or the FMLA.

Plaintiffs Allen, Gilinsky, Biton, and Suarez have failed to plead a case of retaliation under either the Americans with Disabilities Act ("ADA") or the Family and Medical Leave Act ("FMLA"). Under either statute, Plaintiffs are required to plead (1) that they engaged in a protected activity under the statute and (2) sufficient plausible facts to infer a "causal connection" or "retaliatory intent" between the protected activity and the adverse employment action. *See, e.g., Potenza v. City of N.Y.*, 365 F.3d 165 (2d Cir. 2004). As a preliminary matter, Plaintiffs' Complaint is internally inconsistent with respect to the dates of certain events, but regardless does not support a plausible inference of retaliatory intent or causal connection. Plaintiff Suarez does not plausibly plead that he engaged in protected activity under the ADA, and Plaintiffs Allen, Gilinsky, and Biton plead no facts from which this Court could plausibly infer that their termination was causally connected to their prior use of FMLA leave. These claims should also therefore be dismissed.

### D. Conclusion.

For the foregoing reasons, Plaintiffs' Amended Complaint fails to state any claims under which relief may be granted. Plaintiffs' Amended Complaint should therefore be dismissed in its entirety.

Sincerely,

MORGAN, LEWIS & BOCKIUS LLP

 */s/ Ira G. Rosenstein*
By: Ira G. Rosenstein

cc: Counsel of Record (via ECF)