# Weisberg Law

*Attorneys & Counselors at Law*
LICENSED IN PA & NJ

7 South Morton Avenue
Morton, Pennsylvania 19070
Ph: 610.690.0801
Fax: 610.690.0880

Additional Offices
Philadelphia, Pa
Bala Cynwyd, Pa

Matthew B. Weisberg*^
L. Anthony DiJiacomo~
David A. Berlin^
Robert P. Cocco~+
Gary Schafkopf^+
Brian Mildenberg~+
Marc Weisberg~+
Yanna Panagopoulos~+

*NJ & PA Office Manager
^Licensed in PA & NJ
~Licensed in PA
+Of Counsel

Web-Site: www.weisberglawoffices.com
E-Mail: mweisberg@weisberglawoffices.com

*Tuesday, August 21, 2018*

**Via ECF**
Magistrate Judge Peggy Kuo

    **RE:** **Cynthia Fukelman v. Delta Airlines, Inc.**
       **United States District Court | Eastern District of New York**
       **No. 1:18-cv-00002**

Your Honor:

  Pending before this Honorable Court in the above-captioned matter is defendant's pre-motion conference request regarding defendant's anticipated motion to dismiss plaintiffs' amended complaint pursuant to FRCP 12(b)(6). The undersigned is co-counsel to plaintiff.

  Consistent with Your Honor's individual practices and rules, kindly accept this as plaintiff's response to defendant's above:

**I.** **Georgia Age Discrimination Act**

  Defendant asserts that there is no private right of action under the Georgia Age Discrimination Act.

  Plaintiffs respectfully concede withdrawal of this Count.

**II.** **Conspiracy under 32 U.S.C. §1985**

  Defendant alleges plaintiffs fail to plead a cognizable cause of action because a corporation cannot conspire with itself.

However, defendant ignores the exception to the intra-corporate conspiracy doctrine:

Generally, the intra-corporate immunity doctrine precludes liability when the alleged conspirators work within the same organization. Jeter v. New York City Dept. of Educ., 549 F.Supp.2d 295, 303 (E.D.N.Y. 2008). "There is an exception, however, to the intracorporate immunity doctrine that allows a Section 1985 action to proceed against members of the same organization if the conspirators were 'motivated by an independent personal stake in achieving the corporation's objective.'" Id. (quoting Girard v. 94th Street and Fifth Avenue Corp., 530 F.2d 66, 72 (C.A.2 1976)).

Defendant's citation to Farbstein v. Hicksville Public Library, 323 F.Supp.2d 414 (E.D.N.Y. 2004) omits Jeter's discussion of the exception to intra-corporate immunity.

Indeed, plaintiff's Amended Complaint alleges that personal animus among agents of defendant necessary to pierce the intra-corporate immunity doctrine: especially upon 12(b)(6).

### III. Discrimination/Retaliation Claims

#### 1. Discrimination Based on Race or Ethnicity.

Pursuant to Title VII, NYSHRL, and 42 USC §1981, defendant alleges that plaintiffs do not adequately plead that Delta discriminated against them based on their race or ethnicity.

While it is admitted that plaintiffs, Panza, Sanchez, Miller, Suarez and Allen are not "Jewish, Hebrew or Israeli," defendant admits the above causes are cognizable through an association with someone in a protected class; co-plaintiffs, Fukelman, Gilinsky, Biton, and Kuba are members of a protected class – to which the non-Jewish plaintiffs sought to vindicate those Jewish plaintiffs' rights. *See generally*, Puglisi v. Underhill Park, et al, 947 F.Supp. 673 (S.D.N.Y. 1996).

Contrary to defendant's argument, being Jewish, Hebrew or Israeli are instantly cognizable ethnicities and thus are a "protected class." Jews for Jesus, Inc. v. Jewish Community Relations, et al, 968 F.2d 286, 291-92 (C.A. 2 1992).

Defendant also alleges that plaintiffs, Kuba and Panza have not suffered an adverse employment action. *But see*, FAC, ¶¶ Kuba – 25, 52, 54, 55-60, et al; Panza – 113, et al.[1]

In all, Jewish plaintiffs are members of a protected class. Non-Jewish plaintiffs acted to vindicate the rights of their co-workers, Jewish plaintiffs. Both non-Jewish and Jewish plaintiffs are entitled to protection under Title VII, §1981, and the New York State Human Rights Law.

---

[1] While Complaint citations are here and hereinafter used out of an abundance of caution and emphasis, the Complaint is to be read as a whole: defendant's hyper-parsing is expressly eschewed. Kear v. Katonah, et al, 2007 WL 431883 (S.D.N.Y.) (unpublished).

### 2. Age Discrimination

Defendant argues that plaintiffs, Fukelman, Kuba, Sanchez and Panza do not make cognizable claims of age discrimination under the Age Discrimination and Employment Act, the NYSHRL, and the NYCHRL.

Defendant argues that these plaintiffs do not allege that their age was the "but for" cause of any adverse action taken by Delta. *But see*, FAC ¶¶ Fukelman – 47; Kuba – 54; Sanchez – 73; Panza – 114. Defendants further allege that plaintiffs, Kuba and Panza do not allegedly suffered an adverse employment action. *But see*, FAC ¶¶ Panza – 113; Kuba – 54.

Defendant does not object to but seems to take issue of plaintiff pleading in the alternative. Of course, plaintiff can plead in the alternative. Id.

In short, these plaintiffs allege age discrimination: a "but for" cause of any adverse action as a result of their age.

### 3. FMLA and ADA Retaliation

Defendant complains that plaintiffs, Allen, Gilinsky, Biton and Suarez have failed to plead a case of retaliation under the ADA or FMLA.

That is, defendant contends plaintiff Suarez does not plead he engaged in a protective activity under the ADA. *But see*, FAC ¶¶ 81-83.

Defendant further alleges that plaintiffs, Allen, Gilinsky, and Biton plead no facts on which this court can infer their termination was causally connected to their priorities of FMLA leave. *But see*, FAC ¶¶ Allen – 85-92; Gillinsky – 103; Biton – 107 & 108.

In all, plaintiffs plead retaliation under the ADA and FMLA. Suarez pleads he engaged in a protective activity under the ADA. Allen, Gilinsky, and Biton plead their prior FMLA leave caused their termination.

## IV. Conclusion

Plaintiff respectfully responds to defendant's pre-motion correspondence objecting to defendant's subsequent arguments therein (with the exception of the Georgia Age Discrimination Act – withdrawn).

Plaintiff respectfully suggests that otherwise a 12(b)(6) motion by defendant would be futile.

That said, if this Honorable Court holds plaintiff's complaint in any way defective or insufficiently specific, plaintiff respectfully requests leave to amend.

      Thank you for this Honorable Court's consideration of plaintiffs' response to defendant's pre-motion letter submission.

                                          Sincerely,

                                          /s/ Matthew B. Weisberg, Esquire
                                          Matthew B. Weisberg, Esquire (*PHV*)

MBW/hcm
Cc:    Ira G. Rosenstein, Esq.
        Blair Robinson, Esq.
        Hanna E. Martin, Esq.
        Brian Mildenberg, Esq.
        Vikrant Pawar, Esq.