UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
CYNTHIA FUKELMAN, TSIPORA KUBA,
YOUNG SOOK SANCHEZ, BRIAN
MILLER, JOHN SUAREZ, TRACEY ALLEN,
ARIEL DAVID, YARON GILINSKY,           **MEMORANDUM & ORDER**
TOMER BITON, and ANTHONY PANZA,        18-CV-00002 (PKC) (PK)

                Plaintiffs,

      - against -

DELTA AIR LINES, INC.,

                Defendant.
----------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiffs Cynthia Fukelman, Tsipora Kuba, Young Sook Sanchez, Brian Miller, John Suarez, Tracey Allen, Ariel David, Yaron Gilinsky, Tomer Biton, and Anthony Panza commenced this action on January 2, 2018, alleging discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981 ("Section 1981"); the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq.*; the Family Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. § 2601 *et seq.*; the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*; the New York State Human Rights Law, and the New York City Human Rights Law. Plaintiffs thrice amended their complaint (Dkts. 37, 33, 24), with each amendment preceded by a pre-motion request by Defendant to file a motion to dismiss, and a pre-motion conference being held by the Honorable Peggy Kuo, United States Magistrate Judge (*see* Dec. 12, 2018 Minute Entry; Oct. 12, 2018 Minute Entry; Apr. 5, 2018 Minute Entry). On March 29, 2019, Defendant moved to dismiss Plaintiffs' third amended complaint ("TAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 46.) Defendant's

1

motion was referred to Judge Kuo for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(d). (May 8, 2019 Order.) Judge Kuo recommended that Defendant's motion to dismiss be granted in its entirety. (R&R, Dkt. 63, at 51.) Plaintiffs timely filed objections to the R&R on April 27, 2020 (Dkt. 64), and Defendant filed its opposition to Plaintiffs' objections on May 11, 2020 (Dkt. 67). Finding no merit to Plaintiffs' objections and no error in Judge Kuo's recommendations, the Court adopts the R&R as to Plaintiffs' remaining claims[1] in its entirety and grants Defendant's motion to dismiss those claims.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). With respect to a magistrate judge's recommendation on a dispositive matter, the district court reviews for clear error those findings to which a party has not specifically objected. *See Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 101 (E.D.N.Y. 2015) ("The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." (citing, *inter alia*, 28 U.S.C. § 636(b)(1)(C))). The district court reviews *de novo* those portions of an R&R to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). However, "objections that are merely perfunctory responses argued in an attempt to engage

---

[1] As part of their objections, Plaintiffs withdrew their ADA, FMLA, and New York state law claims. (Plaintiffs' Objections ("Pls.' Objs."), Dkt. 64, at ECF 14.)

2

the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." *Rafiy v. County of Nassau*, No. 15-CV-6497 (SJF) (GRB), 2019 WL 7046560, at *1 (E.D.N.Y. Dec. 23, 2019) (quoting *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 312–13 (S.D.N.Y. 2009)). "General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (internal quotation and citation omitted).

## DISCUSSION

Plaintiffs raise six objections, each of which argues that the R&R failed to consider some set of Plaintiffs' factual allegations related to their claims of discrimination based on ethnicity and age.[2] Specifically, Plaintiffs' objections argue that

(1) the R&R "applied a heightened and improper standard" in dismissing Plaintiffs' claims (Pls.' Objs., Dkt. 64, at ECF 5–6);

(2) the R&R failed to consider Plaintiffs' allegations that they were disciplined by Defendant for policy violations they allegedly did not commit (*id.* at ECF 9);

(3) Plaintiffs' hostile work environment claims are plausible because the anti-Semitic comments were "objectively severe," and "Plaintiffs subjectively found the environment to be abusive" (*id.* at ECF 10–11);

(4) Plaintiffs' associational claims are plausible because Plaintiffs "were the target of false discipline" by Defendant, and the R&R did not adequately consider these allegations (*id.* at ECF 12–13);

(5) the R&R erred in dismissing Plaintiffs' claims because "comparators are not a legal requirement to survive a motion to dismiss" (*id.* at ECF 13); and

(6) Plaintiffs' age discrimination claims are plausible (*id.* at ECF 14).

---

[2] The Court assumes that Plaintiffs' objections, which do not cite to any underlying statutes, refer to their discrimination claims under Title VII, Section 1981, and the ADEA.

3

The Court considers each objection in turn and reviews *de novo* the portions of the R&R to which each objection pertains, unless otherwise noted.

As an initial matter, at the motion to dismiss stage the Court treats the elements of a *prima facie* case as "an outline of what is necessary to render a plaintiff's employment discrimination claims for relief plausible." *Barrett v. Forest Labs., Inc.*, 39 F. Supp. 3d 407, 429 (S.D.N.Y. 2014) (internal quotations and citation omitted); *see also Littlejohn v. City of New York*, 795 F.3d 297, 308 (2d Cir. 2015) (noting that the standard for establishing the sufficiency of a plaintiff's *prima facie* case is not a pleading requirement but an evidentiary standard). Thus, in order for the Court to deem a set of factual allegations plausible, and therefore adequate to defeat a motion to dismiss, a plaintiff must allege facts that allow the Court, in substance, to infer the essential elements of a *prima facie* case. *See Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 495 (E.D.N.Y. 2019) (citation omitted). Here, the Court notes that the R&R sets out the correct prevailing legal standards in examining Plaintiffs' discrimination claims under Title VII, Section 1981, and the ADEA. (*See* R&R, Dkt. 63, at 16–17 (Title VII), 28 (Section 1981), 29 (the ADEA).)[3]

### I. Plaintiffs' Objection to the R&R's Motion to Dismiss Standard

Plaintiffs first object to the R&R on the grounds that the R&R "failed to consider all of Plaintiffs' allegations" and prematurely "applied a heightened standard" in dismissing Plaintiffs' claims pursuant to Rule 12(b)(6). (Pls.' Objs., Dkt. 64, at ECF 6.) This objection seems to pertain

---

[3] To the extent Plaintiffs argue that the R&R applied an incorrectly heightened standard to their Section 1981 claim, which they do not articulate in their objections, the Court concludes that such an argument would be unavailing. In order to prevail on a Section 1981 claim, a plaintiff must "initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." (R&R, Dkt. 63, at 28 (quoting *Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020)).) The Court agrees with the R&R's conclusion that, as Plaintiffs do not allege facts sufficient to give rise to an inference of discrimination under Title VII, Plaintiffs have not plausibly alleged that "their ethnicity was a but-for cause of the actions against them." (*See id.*)

to the R&R's analysis of Plaintiffs' ethnicity and age discrimination claims as a whole rather than to any specific portion of that analysis. Because this objection is "[g]eneral or conclusory," *Chime*, 137 F. Supp. 3d at 187 (internal quotation and citation omitted), the Court applies only clear error review and finds none. The Court further notes that, contrary to Plaintiffs' objection, the R&R did not apply a "probability requirement" but, rather, properly applied the plausibility standard established by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corporation. v. Twombly*, 550 U.S. 544 (2007).

Plaintiffs also argue in this objection that "[t]he *combination* of false discipline and hostile work environment, push Plaintiffs' claim[s] over the line from 'merely possible' to 'plausible.'"[4] (Pls.' Objs., Dkt. 64, at ECF 6 (emphasis in original) (citing *Iqbal*, 556 U.S. 662).) However, Plaintiffs raised a prior iteration of this argument in their opposition to Defendant's motion to dismiss and, as they acknowledge therein, in an even earlier submission:

> As discussed in Plaintiffs' response to Defendant's pre-motion letter, at this stage, upon a motion to dismiss the combination of a known discriminatory work environment infected with antisemitism, combined with specific instances of discrimination towards Plaintiffs, as well as adverse employment actions, an inference arises that antisemitic discrimination was the cause of these adverse employment actions.

(Plaintiffs' Opposition ("Pls.' Opp'n"), Dkt. 56, at 12.) Thus, by Plaintiffs' own admission, this objection merely "rehash[es] the same arguments set forth in the original papers." *Sosa*, 368 F. Supp. 3d. at 495 (internal quotations and citations omitted). Affording *de novo* review to "[s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) (internal quotation and citation omitted) (adopting in its entirety

---

[4] As discussed *infra*, Plaintiffs seem to repeat variations of this argument in their second, third, and fourth objections.

5

R&R dismissing plaintiff's employment discrimination claims). Accordingly, the Court reviews this portion of the R&R only for clear error and again finds none.

The Court also generally observes that Plaintiffs' approach to their claims, as exemplified by their consistent refrain that the combination of false discipline and hostile work environment provides sufficient grounds on which to rest their discrimination claims, essentially combines every bad aspect of their employment—regardless of who was responsible for it, or where or when it occurred—into a stew that they allege creates an aroma of discriminatory animus. But, as the R&R correctly found, the law requires that there be a plausible inference of discrimination in the causal connection between the adverse employment action and the alleged racial, ethnic, or religious animus. It is not enough for Plaintiffs to allege that, over the course of years, a handful of unnamed co-workers and supervisors have made offensive comments about certain racial, ethnic, or religious groups; that Plaintiffs allege a stew of discriminatory animus does not impart flavor to every disciplinary action taken against Plaintiffs and thereby transform those actions, even if unjustified, into discriminatory adverse employment actions. As the R&R painstakingly sorted out, the TAC simply fails to allege any facts from which to plausibly infer that any of the disciplinary actions taken against Plaintiffs were motivated by racial, ethnic, or religious animus.

## II. Plaintiffs' Allegations Regarding Discipline for Policy Violations

Plaintiffs' next objection argues that the R&R failed to consider their allegations that Defendant "repeatedly disciplined Plaintiffs for policy violations they did not commit" (Pls.' Objs., Dkt. 64, at ECF 6 (citing R&R, Dkt. 63, at 24–25)), and that the R&R "incorrectly concluded that Plaintiffs' allegations do not raise a minimal inference of discrimination" (*id.* at ECF 7). In support, Plaintiffs restate numerous allegations from the TAC pertaining to Defendant's Travel

6

Pass Policy (*see id.* at ECF 7–8) and maintain that these allegations are "strong circumstantial evidence" of discrimination (*id.* at ECF 9). The Court disagrees.

First, and to the extent Plaintiffs' objection is "merely [a] perfunctory response[]" to the R&R, the Court finds no clear error in the R&R's analysis. *Rafiy*, 2019 WL 7046560, at *1 (internal quotation and citation omitted). Even affording *de novo* review, however, Plaintiffs' objection plainly lacks merit. The R&R explicitly considered Plaintiffs' allegations that they were disciplined as a result of their purported violations of the Travel Pass Policy (*see* R&R, Dkt. 63, at 24–27),[5] and nevertheless found that Plaintiffs' contention "d[id] not add to the inference of discrimination" because Plaintiffs did not allege facts "sufficient to give 'plausible support to a minimal inference of discriminatory motivation'" (*id.* at 25 (quoting *Littlejohn*, 795 F.3d at 311)). Plaintiffs' objection newly relies on *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133 (2000), to argue that their "allegations provide a minimal inference of discrimination" (Pls.' Objs., Dkt. 64, at ECF 7) because they have alleged the "objective falsity of Delta's explanations" (*id.* at ECF 8). However, not only was *Reeves* decided before the plausibility requirement established in *Iqbal*, *see* 556 U.S. at 678, but the holding in *Reeves*—that "a plaintiff's prima facie case, combined with sufficient *evidence* to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated," 530 U.S. at 148 (emphasis added)—does not apply at the motion to dismiss stage. Moreover, even assuming that Plaintiffs are correct that the Court must "accept[] as true that Delta's reasons for discipline were baseless" (Pls.' Objs., Dkt. 64, at ECF 9), the result is the same because there still is no allegation in the

---

[5] Indeed, the R&R states that "Plaintiffs' allegations include extensive details to rebut Delta's purported reasons for suspending or terminating them, such as Plaintiffs' longstanding relationships with their travel companions." (R&R, Dkt. 63, at 24 (citing TAC, Dkt. 37, ¶¶ 99–105, 141–43, 152, 153, 174–77, 194, 195, 213–15, 238, 239).)

7

TAC from which this Court can plausibly infer that Plaintiffs' unjustified or unfair treatment was motivated by Plaintiffs' race, ethnicity, or religion, or their association with or advocacy on behalf of individuals of that race, ethnicity, or religion. *See Littlejohn*, 795 F.3d at 307 (holding that, in order to survive a motion to dismiss under Title VII, a plaintiff must present "some minimal evidence suggesting an inference that the employer acted with discriminatory motivation"). Accordingly, the Court finds that the R&R properly considered Plaintiffs' allegations of discipline by Defendant.

### III. Plaintiffs' Allegations of a Severe or Pervasive Hostile Work Environment

Plaintiffs next argue that the R&R failed to consider Plaintiffs' allegations of a hostile work environment, and that the R&R was "simply incorrect that the alleged anti-Semitic remarks are not objectively offensive." (Pls.' Objs., Dkt. 64, at ECF 10.) In support, Plaintiffs restate various allegations from the TAC and maintain that the allegedly anti-Semitic comments were "objectively severe" and that "Plaintiffs subjectively found the environment to be abusive." (*Id.* at ECF 11.) The Court again disagrees. First, and to the extent Plaintiffs argue that the R&R was "simply incorrect" (*id.* at ECF 10), their objection is at best a perfunctory response to this portion of the R&R that warrants only clear error review.[6] *See Rafiy*, 2019 WL 7046560, at *1. The Court finds no such clear error.

---

[6] The Court also notes that Plaintiffs mischaracterize the R&R as finding that the alleged disparaging comments were not "objectively offensive." (Pls.' Objs., Dkt. 64, at ECF 10.) More accurately, the R&R found that the comments were not "severe" or "pervasive" under the relevant hostile work environment standards. (R&R, Dkt. 63, at 45–46.) However, to the extent the R&R found that Plaintiffs did not allege that they were "subjectively offended" by the comments (*id.* at 46), the Court disregards that finding, as it is not necessary to resolve the motion with respect to Plaintiffs' hostile work environment claim. For the same reason, the Court declines to consider Plaintiffs' seemingly new argument that "it can also be inferred [from Plaintiffs' other factual allegations] that Plaintiffs subjectively found the environment to be abusive." (Pls.' Objs., Dkt. 64, at ECF 11). *See Razzoli v. Fed. Bureau of Prisons*, No. 12-CV-3774 (LAP) (KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (finding that "new arguments and factual assertions

8

Even applying *de novo* review to the relevant portion of the R&R, the Court finds that the R&R explicitly considered all of the TAC's factual allegations related to Plaintiffs' hostile work environment claims and properly concluded that Plaintiffs had not "allege[d] harassment of such quality or quantity that a reasonable employee would find the conditions of their employment altered for the worse." (*See* R&R, Dkt. 63, at 43–46.)

Plaintiffs further add that the R&R "did not consider the totality of the circumstances for the hostile work environment claim" and that the R&R did not include a discussion of "Delta's baseless discipline" in analyzing Plaintiffs' hostile work environment claims. (Pls.' Objs., Dkt. 64, at ECF 12.) While it is true that the R&R does not reiterate Plaintiffs' various allegations of purportedly baseless discipline by Defendant in the hostile work environment analysis, this is of no consequence. The R&R reviewed the required elements for a hostile work environment claim (*see* R&R, Dkt. 63, at 42–43) and correctly noted that Plaintiffs had failed to allege that the allegedly discriminatory comments "were so severe or pervasive that they altered the terms of Plaintiffs' employment for the worse" (*id.* at 47; *see also id.* ("Plaintiffs do not allege how any of these remarks altered the terms and conditions of their employment.")). Plaintiffs' argument is essentially a repackaging of their first objection, discussed *supra*. (*See* Pls.' Objs., Dkt. 64, at ECF 6 ("The *combination* of false discipline and hostile work environment, push Plaintiffs' claim[s] over the line from merely possible to plausible." (emphasis in original) (internal quotations and citations omitted)).) However, and as discussed *supra*, because Plaintiffs raised this argument in prior filings before Judge Kuo, the Court reviews this portion of the R&R only for clear error and finds none.

---

cannot properly be raised for the first time in objections to the [R&R], and indeed may not be deemed objections at all").

9

Plaintiffs separately take issue with the R&R's observation that, "if a harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions." (R&R, Dkt. 63, at 43 (quoting *Fenner v. News Corp.*, No. 09-CV-9832 (LGS), 2013 WL 6244156, at *13 (S.D.N.Y. Dec. 2, 2013)).) Plaintiffs maintain that "[w]hether management was negligent in controlling the hostile work environment is an affirmative defense and not ripe upon a motion to dismiss." (Pls.' Objs., Dkt. 64, at ECF 12 (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)).) But, in making this argument, Plaintiffs cite out of context one portion of the R&R's thorough application of the legal standard for hostile work environment claims. As the R&R separately discusses, "[t]o avoid dismissal under FRCP 12(b)(6), a plaintiff need only plead facts sufficient to support the conclusion that she was faced with harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." (R&R, Dkt. 63, at 42 (quoting *Patane v. Clark*, 508 F.3d 106, 114 (2d Cir. 2007)).) The R&R correctly applied this standard to Plaintiffs' hostile work environment claims and then noted that, "[e]ven if all three [] prongs for a hostile work environment were met" to successfully state hostile work environment claims, which they were not, Plaintiffs had not alleged facts "to support negligence by Delta in controlling the environment." (*Id.* at 48.) Read in conjunction with its preceding paragraphs, this observation merely highlights a deficiency in the TAC that was not otherwise dispositive in the R&R's ultimate finding that Plaintiffs had failed to state claims for hostile work environment, and its recommendation that Plaintiffs' hostile work environment claims be dismissed at this stage.

Accordingly, the Court finds Plaintiffs' objection to the R&R's analysis of their hostile environment claims is not persuasive so as to warrant modification of this portion of the R&R. The Court adopts the R&R's recommendation that these claims be dismissed.

### IV. Plaintiffs' Allegations of Associational Discrimination

Plaintiffs' next objection reiterates arguments from Plaintiffs' second and third objections but with respect to those Plaintiffs alleging associational discrimination.[7] Specifically, the objection argues that those Plaintiffs "raised plausible discrimination and hostile work environment claims because they were the target of false discipline." (Pls.' Objs., Dkt. 64, at ECF 12.) Plaintiffs further argue that the R&R erred where it found that "no allegations give rise to an inference of discrimination based on [these] Plaintiffs' association with Jewish, Israeli and Hebrew-speaking passengers or co-workers." (*Id.* at ECF 13 (quoting R&R, Dkt. 63, at 26).) Plaintiffs' arguments lack merit. First, insofar as Plaintiffs simply argue that the R&R was incorrect in finding that Plaintiffs' allegations did not give rise to an inference of associational discrimination, Plaintiffs again offer merely a perfunctory objection that warrants only clear error review of this portion of the R&R. *See Rafiy*, 2019 WL 7046560, at *1. The Court finds no such clear error.

Upon *de novo* review, Plaintiffs' objection still lacks merit. The R&R correctly cited the applicable legal standard, noting that "Plaintiffs whose claims are based on associational discrimination must still meet the standards for alleging an inference of discrimination." (R&R, Dkt. 63, at 26 (citing *Holcomb v. Iona Coll.*, 521 F.3d 130, 139 (2d Cir. 2008)).) The R&R then reviewed Plaintiffs' factual allegations related to their claims of associational discrimination and correctly found that all of the alleged comments were about members of the protected class and not those claiming an association with members of the protected class. (*Id.* at 26–27.) The R&R observed that Plaintiffs did not allege the existence of similarly situated employees who did not

---

[7] Plaintiffs Sanchez, Miller, Suarez, Allen, and Panza claimed ethnic discrimination based on their association with Jewish friends or colleagues. (*See* R&R, Dkt. 63, at 25 (citing TAC ¶¶ 97, 130, 145, 148, 169, 189, 260).)

11

associate with Jewish, Israeli, and Hebrew-speaking passengers or co-workers. (*Id.* at 27.) Plaintiffs maintain that several Plaintiffs' association with members of the protected classes at issue, in conjunction with the discipline they received, require an inference of discrimination. (Pls.' Objs., Dkt. 64, at ECF 13 ("Here again, the Magistrate Judge gave Delta's false reasons for discipline no weight.").) But, again, Plaintiffs' "combination" argument was raised in earlier filings before Judge Kuo; the Court finds no clear error in the R&R's analysis on this issue. Even construing this iteration of Plaintiffs' combination argument as different, in that it specifically addresses claims of associational discrimination, the Court finds that Plaintiffs have still failed to allege how their allegations of purportedly unwarranted discipline by Defendant could create an inference of associational discrimination absent any comments directed at those Plaintiffs claiming an association with members of the protected class. "A plaintiff must be able to show that the adverse employment action resulted because the employer disapproved of the plaintiff's association with a member of the protected class." (R&R, Dkt. 63, at 25–26 (citing *Holcomb*, 521 F.3d at 139).) The Court agrees with the R&R's finding that Plaintiffs have not alleged sufficient facts to give rise to an inference of associational discrimination, even in light of their non-conclusory factual allegations concerning unjustified discipline by Defendant. Accordingly, the Court adopts the portion of the R&R recommending dismissal of Plaintiffs' associational discrimination claims.

V.  **Comparators as a Legal Requirement at the Motion to Dismiss Stage**

Plaintiffs' fifth objection, "[a]s cited in Plaintiffs' prior brief," maintains that "comparators are not a legal requirement to survive a motion to dismiss." (Pls.' Objs., Dkt. 64, at 13 (citing *Barrett*, 39 F. Supp. 3d at 407).) Plaintiffs' restatement of this argument alone justifies only clear error review. *See Sosa*, 368 F. Supp. 3d at 495. However, even applying *de novo* review, the

Court finds that Plaintiffs are incorrect in characterizing the R&R as deeming comparators to be a legal requirement. Rather, the R&R properly stated that

> [w]hile Plaintiffs do not need to provide *evidence* of similarly situated comparators at the motion to dismiss stage, they still bear the burden of pleading facts that they were treated more harshly than those outside their protected class who were similarly situated "in all material respects," and that this different treatment is related to their ethnicity.

(R&R, Dkt. 63, at 22 (emphasis in original) (quoting *Olivier v. County of Rockland*, No. 15-CV-8337 (KMK), 2018 WL 401187, at *7 (S.D.N.Y. Jan. 11, 2018)).) As such, the Court is entirely unpersuaded by Plaintiffs' objection.

## VI.     Allegations of Age Discrimination

Plaintiffs' final objection maintains that Plaintiffs have alleged facts that, "considered together, . . . are enough to make out a plausible claim that the stated reasons for [Defendant's] adverse employment actions were pretextual and age discrimination was the cause of Delta's discipline." (Pls.' Objs., Dkt. 64, at ECF 14.) This objection, without supporting case law or any other citations, is a "[g]eneral or conclusory objection," *Chime*, 137 F. Supp. 3d at 187 (internal quotation and citation omitted), and the Court accordingly reviews this portion of the R&R only for clear error. Finding none, the Court adopts the portion of the R&R recommending dismissal of Plaintiffs' age discrimination claims.

## CONCLUSION

For the reasons stated above, the Court adopts those portions of the R&R that pertain to Plaintiffs' remaining claims of discrimination under Title VII, Section 1981, and the ADEA, and grants Defendant's motion to dismiss those claims. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 29, 2020
       Brooklyn, New York

14